THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **HARVEY L. HAMMOND, ET AL** | * | **CIVIL ACTION NO. 06-0695** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CAPPAERT MANUFACTURED HOUSING, INC., ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by plaintiffs Harvey L. Hammond, Jr. and Cynthia L. Hammond (collectively "the Hammonds"). [Doc. No. 7]. Defendants Cappaert Manufactured Housing, Inc. ("Cappaert") and Harvest Investments Corp. ("Harvest") the motion is unopposed; however, the basis for removal is sufficiently set forth in Cappaert's Notice of Removal [Doc. No. 3]. For the reasons stated below, the undersigned finds that the Court lacks subject matter jurisdiction over this case. The Hammonds' Motion to Remand is therefore **GRANTED and this case is REMANDED to state court for further proceedings.**

## STATEMENT OF FACTS

The Hammonds filed suit against Cappaert and Harvest on May 29, 2006, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, seeking to recover damages for alleged manufacturing defects in a mobile home sold by Harvest and manufactured by

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Cappaert, and for the defendants' failure to repair the defects. On April 26, 2006, pursuant to 28 U.S.C. § 1441, Cappaert[2] removed the case to this Court, claiming that the Hammonds' state-law claims were pre-empted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and the National Manufactured Housing Construction and Safety Standards Act ("NMHCSSA" or "the Act"), 42 U.S.C. § 5401 *et seq.*

In their motion to remand, the Hammonds dispute Cappaert's contention that their state-law claims are pre-empted. First, the Hammonds argue that the Carmack Amendment, which governs common carriers' liability for goods damaged while in interstate transportation, is inapplicable because Cappaert is not a common carrier and because their claims relate to manufacturing defects, not damages incurred during interstate transportation. Second, the Hammonds claim that the NMHCSSA, by its own terms, does not preempt their state-law redhibitory action against defendants.

## LAW AND ANALYSIS

A defendant or defendants may remove a civil action filed in state court to the appropriate federal court provided that the action is subject to the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Removal statutes are, in general, strictly construed, *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), and a district court must remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28

---

[2] At the time of removal, co-defendant Harvest had not been served and thus did not join in the Notice of Removal. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).

U.S.C. § 1447(c). Given that removal can implicate important federalism concerns, "any doubts concerning removal must be resolved against removal and in favor of remanding the case . . . to state court." *Cross v. Bankers Multiple Line Insurance Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992).

In this case, subject matter jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331. To determine whether a cause of action presents a federal question, a court must review a plaintiff's well-pleaded complaint. *See Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000). "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The existence of a defense to the plaintiff's state-law claims that involves federal law is generally insufficient to confer federal question jurisdiction. *See Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

Certain exceptions, however, permit a defendant to remove a case to state court even though the plaintiff's complaint asserts only state-law claims. *See Hoskins*, 343 F.3d at 773. One such exception is when a federal statute has such a powerful and complete pre-emptive effect that it can be construed as "not only preempting state law but also authorizing removal of actions that sought relief only under state law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003) (construing the National Bank Act); *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (finding complete pre-emption in Employee Retirement Income Security Act of 1974); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968) (finding complete pre-emption in the Labor Management Relations Act). When a federal statute is so pervasively pre-emptive, "a

3

claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law" and is thus removable. *Beneficial*, 539 U.S. at 8.

With the above principles in mind, and because the Hammonds' state-court petition, on its face, fails to plead any federal claims, the undersigned turns to the statutes Cappaert cites as a basis for removal: the Carmack Amendment and the NMHCSSA.

Carmack Amendment

It is clear that claims arising from losses or damages to goods in interstate transportation are removable pursuant to the Carmack Amendment, even when those claims are couched in state law terms. See, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003); *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003). However, despite Cappaert's statement that the Hammonds' claims "involve[] alleged damages to goods while being transported in interstate commerce," a review of the Hammonds' petition reveals that they are alleging no such thing. The bases of the Hammonds' petition are alleged manufacturing defects in a mobile home that Cappaert manufactured and Cappaert's failure to repair the defects after being given notice. Nowhere in their petition do the Hammonds allege any loss or damage incurred during or caused by interstate transportation, nor have they included any allegations against the motor carrier who transported the home. Because the Carmack Amendment only governs shippers' claims to recover damages from a carrier for "'actual loss or injury to the property' **resulting from the transportation** of cargo in interstate commerce," it does not apply to the Hammonds' claims against Cappaert and thus may not serve a basis for removal.[3] *Nat'l Hispanic Circus, Inc. v. Rex*

---

[3] The elements of a claim under the Carmack Amendment lends additional support to its inapplicability to claims for manufacturing and other pre-transportation defects. To establish a *prima facie* case, a shipper must demonstrate (1) that the goods were delivered to the original

4

*Trucking, Inc.*, 414 F.3d 546,549 (5th Cir. 2005) (quoting 49 U.S.C. § 14706(a)(1)).

National Manufactured Housing Construction and Safety Standards Act

As stated above, removal under the NMHCSSA is proper only if it wholly displaces the Hammonds' redhibitory cause of action through complete pre-emption. Complete pre-emption, after the Fifth Circuit's decision in *Hoskins*, requires a defendant to show the following:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that [the federal cause of action be exclusive.]

343 F.3d at 775-776 (quoting *Johnson*, 214 F.3d at 632) (recognizing that the third factor focuses on whether the cause of action is exclusive rather than removable).

Pursuant to the above analysis, the undersigned finds that the NMHCSSA does not completely pre-empt the Hammonds' claims and thus may not serve as a basis for removal. First, the only cause of actions that the NMHCSSA creates are in favor of the United States government, through "the appropriate United States attorney or the Attorney General", 42 U.S.C. § 5411(a), and distributors and dealers of manufactured homes. 42 U.S.C. § 5412(b) ("if any manufacturer fails to comply with the requirements of [the NMHSCAA], then the distributor or dealer, as the case may be, to whom such manufactured home has been sold may bring an action . . ."). The NMHSCAA simply does not create a cause of action for private purchasers at all,

---

carrier origin in good condition; (2) that the goods arrived at the final destination in damaged condition; and (3) the amount of damages. *See Allied Tube & Conduit Corp. v. S. Pac. Transp. Co.*, 211 F.3d 367, 369 (7th Cir. 2000); *Johnson & Johnson v. Chief Freight Lines Co.*, 679 F.2d 421, 421-2 (5th Cir. 1982). In this case, the Hammonds are not alleging that the mobile home they purchased was delivered to the original carrier in good condition; rather, they claim that the home's damaged condition existed prior to delivery to the original carrier and resulted from the manufacturing process. Given the nature of the Hammonds' claims, the Carmack Amendment is inapplicable.

5

much less one that replaces state-law redhibitory actions like the Hammonds'.

Second, while the NMHSCAA does vest federal district courts with jurisdiction over claims filed under it, that jurisdiction only pertains to claims filed by the federal government or distributors or dealers of manufactured homes. Private purchasers such as the Hammonds are not bound by the NMHSCAA when they seek to file a claim under state tort or contract law. *See* 42 U.S.C. §§ 5409(c) ("Compliance with [the NMHSCAA] . . . does not exempt any person from any liability under common law.") and 5414(g) ("Nothing in this section shall limit the rights of the purchaser or any other person under any contract or applicable law."). In fact, the only restrictive effect that the NMHSCAA has on a private purchaser asserting a tort or contract claim under state law is that the Act's manufacturing standards are supreme over any standard that state law may impose. *See* 42 U.S.C. § 5403(d). The private purchaser is not limited to federal court.

Finally, after reviewing the NMHSCAA and relevant case law, it is clear that Congress did not intend the Act to be the exclusive means for asserting a claim, especially a redhibitory claim, against a producer of manufactured homes. The Act's lone pre-emption provision provides:

> Whenever a Federal manufactured home construction and safety standard established under this chapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or continue in effect, with respect to any manufactured home covered, any standard regarding construction or safety applicable to the same aspect of performance of such manufactured home which is not identical to the Federal manufactured home construction and safety standard.

42 U.S.C. § 5403(d). Read in the broadest possible light, this statement of the supremacy of the federal manufacturing standards would seemingly bar attempts to impose different standards via state-court actions, regardless of the claims asserted. This possible interpretation, however, is dispelled by the NMHCSSA's savings clause, which provides that "compliance with any Federal

6

manufactured home construction or safety standard issue under this chapter does not exempt any person from any liability under common law." 42 U.S.C. § 5409(c). Several courts have interpreted this clause as preserving a plaintiff's privilege to pursue state tort and contract claims in state court. *See Choate v. Champion Home Builders Co.*, 222 F.3d 788 (10th Cir. 2000); *Hart v. Fleetwood Homes of Texas, Inc.*, 1998 U.S. Dist. LEXIS 16318 (N.D. Tex. Oct. 14, 1998); *Richard v. Fleetwood Enterprises, Inc.*, 4 F. Supp. 2d 650 (E.D. Tex. 1998). Accordingly, it is clear the Congress did not intend for the NMHCSSA to be the exclusive means of asserting a claim against producers of manufactured homes and thus it does not completely pre-empt the Hammonds' state-law claims. Because the NMHCSSA does not completely pre-empt the Hammonds' claims, it may not serve as a basis for removal.

For the reasons stated above, the Hammonds' Motion to Remand [Doc. No. 7] is **GRANTED and this case is REMANDED to state court for further proceedings.** The remand is hereby **STAYED for fifteen days**, to allow the parties the opportunity to appeal this ruling to the District Judge.

**THUS DONE AND SIGNED** this 12th day of June, 2006, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE