**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **HARVEY L. HAMMOND, ET UX** | * | **CIVIL ACTION NO. 06-0695** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CAPPAERT MANUFACTURED HOUSING, INC. ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING AND ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Assess Attorney Fees[1] (Doc. #15) filed by plaintiffs Harvey L. Hammond, Jr. and

Cynthia L. Hammond (collectively "the Hammonds") against defendant Cappaert Manufactured

Housing, Inc. ("Cappaert"). For the reasons stated below, the Motion to Assess Attorney's Fees

is hereby **GRANTED, and Cappaert is ordered to pay the plaintiff's attorney fees in the**

**amount of $1,580.00 (7.9 hours at $200.00 per hour)**.

## BACKGROUND

The Hammonds filed suit against Cappaert and Harvest Investment Corp.[2] on May 29,

2006, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, seeking

to recover damages for alleged manufacturing defects in a mobile home sold by Harvest and

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issue under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2]At the time of removal, co-defendant Harvest had not been served and thus did not join in the Notice of Removal. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).

1

manufactured by Cappaert, and for the defendants' failure to repair the defects. On April 26, 2006, pursuant to 28 U.S.C. § 1441, Cappaert removed the case to this Court, claiming that the Hammonds' state law claims were pre-empted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and the National Manufactured Housing Construction and Safety Standards Act ("NMHCSSA" or "the Act"), 42 U.S.C. § 5401 *et seq*. This Court found that it lacked subject matter jurisdiction over the case and remanded the case to state court for further proceedings. Subsequently, the Hammonds filed this motion seeking the assessment of attorney's fees against the Cappaert based on alleged improper removal.

## LAW AND ANALYSIS

When a court remands a case, "'[t]here is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute [28 U.S.C. 1447(c)] makes such an award discretionary. *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed.Appx. 523, 524 (5th Cir. 2003) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)). "A court should not award fees when "'the defendant had objectively reasonable grounds to believe the removal was legally proper' at the time of removal." *Id.* (citing *Valdes*, 199 F.3d at 293).

Upon examining Cappaert's basis for removal of this case, it is evident to this Court that the Hammonds are entitled to an award of attorney's fees. Cappaert first asserted as grounds for removal that the Hammonds' state law claims were pre-empted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. As this Court noted in its ruling remanding this case to state court, the Carmack Amendment provides for removal of claims arising from losses or damage to goods in interstate transportation, even when those claims are couched in state law terms. *See*, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003); *Hoskins v. Beckins*

2

*Van Lines*, 434 F.3d 769 (5th Cir. 2003). However, nowhere in their petition do the Hammonds allege any loss or damage incurred during or caused by interstate transport, nor have they included any allegations against the motor carrier who transported the home. Rather, their claims are based on alleged manufacturing defects in a mobile home that Cappaert manufactured and Cappaert's alleged failure to repair the defects after being given notice. As is obvious from the language of the statute, the Carmack Amendment only governs shippers' claims to recover damages from a carrier for losses occurring during the transportation of cargo in interstate commerce; *Nat'l Hispanic Circus, Inc. v. Rex Trucking*, 414 F.3d 546,549 (5th Cir. 2005); 49 U.S.C. § 14706(a)(1). Furthermore, as the Hammonds point out, all of the cases that Cappaert cites in support of its argument that the Hammonds' claims are removable based on the Carmack Amendment involve claims against carriers and damage resulting from transportation of the goods. Therefore, Cappaert had no objectively reasonable basis for believing that removal was proper under the Carmack Amendment.

Regarding Cappaert's other basis for removal, the NMHCSSA, 42 U.S.C. § 5401 *et. seq.*, this Court is again unable to discern any objectively reasonable basis on Cappaert's part for believing that removal was proper. First of all, Cappaert cites absolutely no support for the notion that removal was proper under the NMHCSSA other than that mobile homes and the materials used to construct them are transported in interstate commerce and that the standards mobile homes must meet are federally instituted. However, as this Court noted in its ruling remanding this case to state court, the NMHCSAA would be a basis for removal of this case only if the Act completely pre-empted the Hammonds' redhibitory cause of action. Complete preemption requires a defendant to show the following:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that [the federal cause of action be exclusive].

*Hoskins*, 343 F.3d at 775. It is not surprising that Cappaert failed to cite any support for the idea that the Hammonds' redhibitory cause of action was completely pre-empted by the NMHCSSA because even a cursory examination of the language of the Act and relevant case law indicates that such an argument is meritless.

First, the NMHCSSA creates causes of action only in favor of the United States government, through the U.S. Attorney or the Attorney General, 42 U.S.C. § 5411(a), and distributors and dealers of manufactured homes. 42 U.S.C. § 5214(b). Accordingly, it is clear from the face of the Act that the NMHCSSA creates no cause of action for private purchasers such as the Hammonds. Second, the language of the NMHCSSA indicates that the Act only vests federal district courts with jurisdiction over claims filed by the federal government or distributors or dealers of manufacturer homes, not private purchasers such as the Hammonds. *See* 42 U.S.C. §§ 5409(c) ("Compliance with [the NMHCSSA] . . . does not exempt any person from any liability under common law.") and 5414(g) ("Nothing in this section shall limit the rights of the purchaser or any other person under any contract or applicable law."). Third, this Court found that it was clear that Congress did not intend for the NMHCSAA to be the exclusive means of asserting a claim against producers of manufactured homes in light of the Act's savings clause, which states that "compliance with any Federal manufactured home construction or safety standard issue under this chapter does not exempt any person from any liability under common law," 42 U.S.C. § 5409(c), and the fact that several courts have interpreted this clause as

preserving a plaintiff's right to pursue state tort and contract claims in state court. *See Choate v. Champion Home Builders Co.*, 222 F.3d 788 (10th Cir. 2000); *Hart v. Fleetwood Homes of Texas, Inc.*, 1998 U.S. Dist. LEXIS 16318 (N.D. Tex. Oct. 14, 1998); *Richard v. Fleetwood Homes Enterprises, Inc.*, 4 F. Supp. 2d 650 (E.D. Tex. 1998).

Therefore, in light of the aforementioned authority, Cappaert had no objectively reasonable basis for believing that removal of this case was proper under the NMHCSSA. Cappaert argues that the language in this Court's ruling that the NMHCSSA is not a basis for removal because the Act does not ***completely*** pre-empt the Hammonds' claims indicates that there was a genuine issue as to whether this case was removable pursuant to the NMHCSSA. However, the Court's use of the word "completely" is merely indicative of the threshold requirement for removal pursuant to preemption under the NMHCSSA rather than any level of doubt as to whether removal under the Act was proper in this case.[3] Thus, because Cappaert had no objectively reasonable basis to believe that removal of this case was proper under the Carmack Amendment or the NMHCSSA, the Hammonds are entitled to an award of attorney's fees pursuant to 28 U.S.C. 1447(c).

Compensable Hours and Total Award

The Hammonds' have submitted an affidavit from their attorney, Fred A. Pharis, stating that his normal hourly rate for redhibition/warranty/defect claims is $200.00. Mr. Pharis further asserts that he spent 7.9 hours on the motion to remand this case to state court. Cappaert does

---

[3]Cappaert also asserts that the fact that the Court stayed the remand for fifteen days to allow the parties the opportunity to appeal indicates that there was a genuine issue as to whether removal was proper; however, the remand was stayed pursuant to Rule 72(a) and L.R. 74.1(W), which hold that the order of a magistrate judge is non-dispositive and therefore carries with it a ten day period for appeals.

not dispute the reasonableness of the hours or the hourly rate, and this court has reviewed both and finds that they are indeed reasonable.

Thus, the Hammonds' Motion for Attorney's Fees is **GRANTED, and Cappaert is hereby ORDERED to pay the plaintiff's attorney's fees in the amount of $1,580.00**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE